JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Lamar Sitton, Alicia Sitton, Betty Moise, and Ronda Harris appeal from the trial court's December 31, 2001 granting of summary judgment in favor of defendants-appellees-movants Enterprise Rental Car Company and United Financial Adjusting Company. For the reasons adduced below, we dismiss for lack of a final appealable order.
A review of the record on appeal indicates that on April 19, 2001 plaintiffs filed their complaint for negligence and declaratory judgment stemming from an automobile accident which occurred in Miami Beach, Florida, on April 23, 2000.
The basic facts surrounding this accident, as gleaned from the complaint, indicate that Lamar Sitton had rented a car in Cleveland in April of 2000 from appellee-Enterprise Rental Car Company. Lamar Sitton then drove the rental car to Florida with the remaining plaintiffs as passengers. While in Miami Beach, Florida, the Sitton vehicle, with plaintiffs aboard, was rear-ended by another rental car driven by Vincent Seglior, a resident of Brooklyn, New York. Seglior's vehicle is owned by defendant Alamo Rent-A-Car, L.L.C., and licensed in Florida. Alamo's insurance carrier is defendant-Car Rental Claims, Inc. Enterprise's insurance carrier is appellee-United Financial Adjusting Company.
In count one of the complaint, plaintiffs alleged negligence against defendant-Seglior in the operation of his vehicle.
In count two of the complaint, plaintiffs alleged liability on the part of defendant-Alamo for the negligent use of the Seglior vehicle as a dangerous instrumentality.
In count three of the complaint, plaintiffs sought a declaratory judgment under R.C. 2721 et seq. so as to determine (1) whether Florida or Ohio law applies to each of the defendants and (2) their entitlement to pursue counts one and two under general tort and contract principles outside of Florida's no fault insurance statute (see Florida Stat. Ann. § 627.730 et seq.).
Subsequent to answers and crossclaims by the defendants, appellees herein filed their motion for summary judgment on August 27, 2001. Attached to this motion were copies of the complaint, the answer and crossclaim of the movants, and the Enterprise rental agreement executed by Lamar Sitton.
On October 29, 2001, plaintiffs filed their brief in opposition to the motion for summary judgment, claiming that: (1) there is a genuine issue of material fact as to whether Lamar Sitton knowingly agreed to a geographical restriction (Ohio and Pennsylvania travel only) for the operation of the Enterprise rental vehicle; (2) the Enterprise rental agreement was ambiguous with regard to Lamar Sitton declining optional supplemental liability protection; and, (3) Enterprise was nonetheless required to offer uninsured/underinsured motorist coverage in the rental agreement, which it did not do, as purportedly mandated by R.C. 3937.18. Attached to this brief in opposition were the following: (1) the affidavit of Lamar Sitton; (2) a copy of the face page of the Enterprise rental agreement; (3) copies of the May 16, 2001 written claim reports made by plaintiffs to United Financial Adjusting Company for the Florida accident; and, (4) a copy of the Florida Traffic Crash Report for the accident in question.
On November 8, 2001, the movants filed a reply brief in support of their motion for summary judgment, arguing that the three claims raised in the brief in opposition were not presented in the complaint and thereby constitute an improper attempt to amend that pleading in order to survive summary judgment.
Plaintiffs filed on November 13, 2001, a motion for leave to file a surreply brief. This motion was not ruled on by the trial court.
On November 16, 2001 the trial court, using a half sheet status form entry, without opinion, found that that there were no genuine issues of material fact and that the movants are entitled to judgment as a matter of law. In concluding that order, the trial court granted the motion for summary judgment and checked the box for a partial judgment. Journal Vol. 2668, page 822.
On December 31, 2001, the trial court issued a nunc pro tunc status form entry as of and for November 16, 2001, reiterating its earlier ruling on the motion for summary judgment and including the certification of no just reason for delay, thereby making the order appealable under Civ.R. 54(B).
Plaintiffs filed their notice of appeal on January 25, 2002, from the Civ.R. 54(B) certification order of December 31, 2001.
Three assignments of error are presented for review, repeating the three arguments presented in the brief in opposition to summary judgment.
The failure of the trial court to fulfill its function vis-a-vis a declaratory judgment action when it disposed of the claims in issue by journalizing an entry which merely sustained the motion for summary judgment without setting forth the construction of the rental agreement or the law under consideration, and declaring the rights of the parties with reasons for doing so, prevents the order appealed from being a final order capable of appellate review. Accordingly, the notice of appeal is dismissed for lack of a final appealable order. See Bella Vista Group, Inc. v. City of Strongsville (Sept. 6, 2001), Cuyahoga App. No. 78836, 2001 Ohio App. LEXIS 3959; Haapala v. Nationwide Property Casualty Ins. Co. (Nov. 9, 2000), Cuyahoga App. No. 77597, 2000 Ohio App. LEXIS 5229.
Appeal dismissed.
It is ordered that appellee recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, A.J., and ANN DYKE, J., CONCUR.